FILED

NOT FOR PUBLICATION

DEC 10 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SANDRA TORRES-TORRES, | No. 06-72292 |
| Petitioner, | Agency No. A075-754-478 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2012**
San Francisco, California

Before: CUDAHY,*** TROTT, and RAWLINSON, Circuit Judges.

Petitioner Torres-Torres, a thirty-eight year old citizen of Mexico with four

United States citizen children, petitions for review of the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Cudahy, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Appeals' (BIA) affirmance of an immigration judge's (IJ) denial of her application for cancellation of removal. The ground for the IJ's denial which the BIA affirmed was his conclusion that because she "lied" to an asylum officer, Torres-Torres lacked good moral character and was, therefore, statutorily ineligible for cancellation of removal. 8 U.S.C. § 1101(f)(6).

The record is devoid of any evidence that the disputed misrepresentation Torres-Torres made to the asylum officer during an interview was "made with the subjective intent of obtaining immigration benefits." Kungys v. United States, 485 U.S. 759, 780 (1988). With respect to her testimony before the IJ, he found it to be credible. We take note of the government's failure in its response brief either to refer to Kungys or to respond to Torres-Torres's argument that the requisite subjective intent element is missing from the administrative evidentiary record.

However, the IJ also determined that Torres-Torres had failed to establish the continuous physical presence in the United States required to qualify for cancellation. Moreover, the IJ took into consideration alleged welfare fraud on her part in connection with his determination that she failed to establish her good moral character. The BIA did not mention these matters in its Decision. Accordingly, the matter is remanded to the BIA to take these matters into account

in revisiting the IJ's Oral Decision in connection with Torres-Torres's appeal.  <u>See</u>

<u>INS v. Orlando Ventura</u>, 537 U.S. 12, 16-17 (2002) (per curiam).

PETITION GRANTED IN PART, REMANDED IN PART FOR FURTHER

PROCEEDINGS.